**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: KAFANTARIS v. SIGNORE** | **Case No. 12 C 2299** |
| ----------------------------- | **Appeal from** |
| | **Bankruptcy Court** |
| | **Case No. 09 B 13534** |
| **JULIA MANNIX, Attorney for** | **Adversary No. 09 A 667** |
| **Plaintiff,** | |
| | **Hon. Harry D. Leinenweber** |
| **Appellant.** | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Appellant Julia Mannix's appeal of the Bankruptcy Court's entry of sanctions against her under Rule 9011. Because the Court agrees that the Bankruptcy Court was without subject matter jurisdiction when it entered the sanctions, the Order of Sanctions is vacated.

## I. BACKGROUND

Julia Mannix ("Mannix") was the attorney for Plaintiff, James Kafantaris ("Kafantaris" or "Plaintiff"). Mannix filed a lawsuit in Cook County Chancery Court (07 CH 38002) on behalf of Plaintiff on December 21, 2007. The suit accused Plaintiff's sister, Kanella Signore ("Signore" or "Defendant") of essentially taking advantage of their invalid mother, Jean Kafantaris ("Jean"), to drain her accounts – accounts that were held in joint tenancy with Plaintiff.

On April 16, 2009, Signore and her husband (collectively, the "Defendants") filed for protection under Chapter 7 of Title 11 of the United States Bankruptcy Code. On August 3, 2009, Attorney

Mannix filed an Adversary Complaint in the bankruptcy action that was largely factually identical to the Cook County action.

Signore's attorney served Mannix with a letter pursuant to Federal Rule of Bankruptcy Procedure 9011 and demanded Mannix withdraw the suit or face sanctions. Mannix did not and on October 18, 2009, Bankruptcy Judge Jacqueline P. Cox denied a Motion to Dismiss as well as the Motion for Sanctions.

On September 15, 2010, Signore moved for sanctions under Federal Rule of Civil Procedure 16(f) and scheduled a hearing for September 22, 2010. That motion dealt entirely with alleged failures by Mannix to meet deadlines, return phone calls, appear at scheduled court dates and comply with other discovery and procedural requirements. The motion did not invoke Rule 9011 and sought dismissal of the adversary complaint and "reasonable attorney fees and costs incurred in defending the case." *See* Def.'s Mot. for Sanctions, ECF No. 1-1, PageIDs 54-58.

On September 17, 2010, Judge Cox granted a Motion for Summary Judgment and a docket entry indicates the adversary case was closed on September 21, 2010. On September 22, 2010, Judge Cox continued the hearing on the Rule 16(f) sanctions to October 27, 2010. Plaintiff filed a timely notice of appeal on October 1, 2010. On October 12, 2010, Plaintiff filed its response to the Motion for Sanctions.

On October 22, 2010, Defendants filed their reply in support of their motion for sanctions. The reply is somewhat broader than the original motion, and bolstered the arguments for Rule 16(b) sanctions by also alleging the action itself was meritless. Still, the reply did not seek Rule 9011 sanctions. (Nor could it, as Rule 9011 motions "shall be made separately from other motions." FED. R. BANKR. P. 9011(c)(1)(A).).

On November 5, 2010, the Bankruptcy Court entered an order reopening the case, stating that it had been closed "due to clerical error" and reopening it pursuant to Rule 60(a). The appeal was docketed in this Court on November 12, 2010. On May 5, 2011, this Court entered its judgment affirming Judge Cox's grant of summary judgment. The hearing on the motion for sanctions was continued several times until September 8, 2011, when it was finally argued.

At that hearing, Defendants' attorney stated "all we're really seeking is for reimbursement of expenses and for reimbursement of those fees associated with what has been outlined to be constant delay throughout this litigation." Tr. of Proceedings of Sept. 8, 2011, 3, ECF No. 5-1, PageID 321. Defendants asked for $5,254.22 to cover $2,614.22 in costs and $2,640 in attorneys' fees associated with Mannix's delays. *Id*.

But when Mannix denied she should pay anything, and that Defendants should have filed for sanctions under Rule 26 and 37,

Defendants' attorney again bolstered his motion with reference to the early Rule 9011 attempt and the alleged meritlessness of the case. *Id.* at 7-8, ECF No. 5-1, Page ID 325-326. After much back and forth about whether the case ever had any merit, Mannix tried to refocus on the Rule 16 motion at hand.

> **MANNIX:** Your Honor, with all due respect, we're going, I think, afar from the motion.
>
> **THE COURT:** But the issue is whether or not the time and money spent by the defendants was justified. Whether they should have had to do this, or whether the plaintiff acted without cause, without even probable cause.
>
> **MANNIX:** But, Your Honor, that's not a Rule 16 motion. [The] rule 16 motion deals with [the] pretrial order. This is going beyond that.

*Id*. at 16, ECF No. 5-1, PageID 334. Judge Cox then asked Defendants' attorney if he had "pursue[d] sanctions under Rule 9011?" *Id*. at 18, ECF No. 5-1, 336. Defendants' attorney did not contend that his motion was for Rule 9011 sanctions, but noted that he had filed such a motion early on in the case and it was denied. However, he added "But the court has the inherent powers under *Chambers v. Nasco* to enter sanctions *sua sponte* for abuse of judicial process, regardless of Rule 16." *Id.*

When Mannix protested that she was being asked to defend a motion that was not even before the Court, and requested an opportunity to respond to what was essentially a different

argument, the Judge replied "I agree there's a difference between not doing discovery and then filing a spurious lawsuit." *Id.* at 19, ECF No. 5-1, PageID 337.

A few moments later, Judge Cox asked Defendants' attorney point-blank: "[Do] you want to amend your motion to proceed under Rule 9011?" *Id.* at 21, ECF No. 5-1, PageID. Defendants' attorney replied, "I hadn't thought about that, Your Honor. No, I don't. I want to stand on the motion as it currently stands." *Id.* at 21-22, ECF No. 5-1, PageIDs 339-340. With that, the Court recessed, returning after a recess to deny the motion without prejudice because "I just have some trouble with ruling on the basis of Rules 16 and 37." *Id.* at 22, ECF No. 5-1, PageID 340.

Two weeks later, on September 22, 2011, Defendants' attorney apparently changed his mind and filed a motion for sanctions under Rule 9011. Mannix missed the response deadline of October 28, 2011 and the hearing on November 15, 2011. On November 28, 2011, she filed for leave to file a response, which Judge Cox granted. No request for another hearing date was made and no hearing was held. On December 9, 2011, Judge Cox granted the motion for Rule 9011 sanctions, awarding Defendants the entirety of their costs and attorney's fees, $44,951.72. This timely appeal followed.

## II.  LEGAL STANDARD

The District Court reviews the Bankruptcy Court's imposition of Rule 9011 sanctions for an abuse of discretion. *Levit v. Savard*

*(In re Savard)*, No. 02-9142, 2003 U.S. Dist. LEXIS 12118, at \*5
(N.D. Ill. July 25, 2003).

### III.  <u>**ANALYSIS**</u>

### A.  Jurisdiction

One of the grounds upon which Mannix appeals involves
jurisdiction.  She argues that because the Motion for Rule 9011
Sanctions was filed on September 22, 2011, four months after
judgment was entered on October 1, 2010, the bankruptcy judge had
no jurisdiction to entertain or grant the motion for sanctions.
They note this Court simply affirmed summary judgment without ever
remanding the case to the Bankruptcy Court.

Defendants protest Mannix did not identify in her Rule 8006
statement the jurisdictional issue as one to be addressed on
appeal, and it is therefore waived.  But Mannix is correct that
subject matter jurisdiction is "a matter than can never be
forfeited or waived." *Union Pacific R.R. Co. v. Bhd. of Locomotive
Eng'rs & Trainmen Gen. Comm. of Adjustment, C. Region*, 130 S.Ct.
584, 596 (2009).  "Indeed, it is the duty of this court to satisfy
itself not only of its own jurisdiction, but also that of the lower
courts in a cause under review."  *Weaver v. Hollywood Casino-
Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001).

"It is a fundamental tenet of federal civil procedure that –
subject to certain defined exceptions – the filing of a notice of
appeal from the final judgment of a trial court divests the trial

court of jurisdiction and confers jurisdiction upon the appellate court." *In re Transtexas Gas Corp. v. TransTexas Gas*, 303 F.3d 571, 578-579 (5th Cir. 2002) (citing *Griggs v. Provident Consumer Co.*, 459 U.S. 56, 58 (1982). "This rule applies with equal force to bankruptcy cases." *Transtexas*, 303 F.3d at 578-579 (citing *In re Statistical Tabulating Corp, Inc.*, 60 F.3d 1286, 1289 (7th Cir. 1995)).

"There are, however, various exceptions to the jurisdictional rule that jurisdiction is vested with the court of appeals upon the proper filing of a notice of appeal. For example, jurisdiction continues in the [trial court] if jurisdiction is reserved expressly by statute, or if the court expressly reserves or retains such jurisdiction, or while the court is entertaining motions collateral to the judgment or motions which would aid in resolution of the appeal. However, these exceptions only apply to those motions filed with the [trial] court while the appeal on the merits is pending." *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 792 (7th Cir. 1983) (vacating district court award of sanctions under 28 U.S.C. § 1927 where the motion for sanctions was filed two months after the appellate court affirmed dismissal of the case) (internal citations omitted).

Mannix argues that, under *Overnite*, the Court must vacate the sanctions here, since the motion for sanctions under Rule 9011 was

not filed until four months after this Court affirmed the grant summary judgment.

But Appellees argue that because the motion for Rule 16(f) sanctions was filed before the Bankruptcy Court entered summary judgment, this case is different from *Overnite.* "When the Bankruptcy Court denied the Rule 16 motion without prejudice, it clearly contemplated that it would entertain a Rule 9011 motion," argue appellees. Defendants' Resp. 14.

The Court notes that the Seventh Circuit has instructed trial courts that the preferred method for dealing with post-judgment and collateral motions is to rule on them as quickly possible after judgment. That way, if parties wish to appeal the post-judgment ruling, they may do so and the appeal will be combined with the merits appeal rather than be ruled on piecemeal. *See Overnite*, 697 F.2d at 793 ("In an effort to avoid delay and wasted effort, the *Terket* court adopted a general rule that 'district courts in this circuit should proceed with attorneys' fees motions, even after an appeal is filed, as expeditiously as possible. Any party dissatisfied with the court's ruling may then file an appeal and apply to this court for consolidation with the pending appeal of the merits.") (citing, generally, *Terket v. Lund*, 623 F.2d 29 (7th Cir. 1980).

The record is not clear on why both the hearing and judgment on the Rule 16 motion were delayed until after the entry of this

Court's appeal ruling. This Court assumes the bankruptcy judge had good reason to do so. *Overnite* does not mean that mere delay of a collateral decision over which the bankruptcy court properly had jurisdiction robs that court of jurisdiction. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 389, 394-399 (1990) (finding voluntary dismissal did not divest District Court of the collateral issue of Rule 11 sanctions, even though sanctions were imposed 3 1/2 years after a hearing on the sanction and dismissal of the complaint) (superseded on other grounds by Rule amendments as recognized in *De La Fuente v. DCI Telecomms., Inc.*, 259 F.Supp.2d 250, 258 n.4 (S.D.N.Y. 2003).

However, the Seventh Circuit has oft found where jurisdictional matters or explicit Federal Rules of Civil Procedure are at issue, a trial court possesses no power to extend deadlines – even where the parties have relied upon a judge's assurance that a case was dismissed without prejudice or an appeal deadline was extended.

For example, in *Blue v. IBEW Local Union 159*, the Seventh Circuit, apparently *sua sponte*, refused to review the merits of an appeal where the district court judge had improperly extended the 28-day period to file Rule 50 and 59 motions (said motions being ones that extend the 30-day period in which to file an appeal). *Blue v. IBEW Local Union 159*, 676 F.3d 579, 582-583 (7th Cir. 2012).

In the bankruptcy context, Judge John H. Squires dismissed as untimely a complaint after it was refiled one day after being dismissed without prejudice as a sanction for missing a pre-trial order filing deadline. *Baermann v. Ryan*, 408 B.R. 143, 158-161 (Bankr. N.D. Ill. 2009). The complaint was untimely under Rule 4007(c), which requires adversary bankruptcy complaints to be filed within 60 days of the first meeting of creditors. Although the dismissal had been without prejudice, and the Seventh Circuit had ruled Rule 4007(c) was not a jurisdictional rule, Judge Squires felt that "[b]ankruptcy courts lack authority to alter rules of state law, or depart from those in the Code, to implement their own views of wise policy." *Id.* (citing *In re A.G. Fin. Serv. Ctr., Inc.*, 395 F.3d 410, 413-414 (7th Cir. 2005)). As Judge Squires noted, "without prejudice" does not mean "without consequence." *Id.* at 160 (quoting *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989)). "If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." *Id.*

Although Squires was discussing a dismissal, the Court believes the same logic applies to motions. If a motion is denied without prejudice, a newly filed motion must not be barred by any jurisdictional limitations. The Court believes – but need not decide – that the dismissal without prejudice, coming after final summary judgment and appellate review, disposed of the collateral Rule 16(f) sanctions issue being reviewed and divested the

bankruptcy court of the power to entertain even a renewed Rule 16(f) motion.

The Court need not reach this question, however, to address Defendants' arguments. They argue implicitly that the pendency of the Rule 16(f) motion at the time the first appeal was decided invested jurisdiction in the Bankruptcy Court to (1) take up, again, the 16(f) motion after dismissing it without prejudice and (2) to convert the Rule 16(f) motion to a Rule 9011 motion. However, neither of those actions are what occurred. The judge clearly ruled that she could not or would not issue sanctions under Rule 16. The Defendants, at the Rule 16 hearing, explicitly disavowed the intent and desire even to seek Rule 9011 sanctions or to convert the Rule 16 motion to a Rule 9011 motion. Neither did the judge convert it under her own inherent powers to sanction litigants.

After losing the Rule 16 motion, Defendants did not revive it, but filed a new motion for Rule 9011 sanctions. This puts this case squarely in the mold of *Overnite*, which plainly forbids filing for sanctions after judgment has been rendered in the appellate court on the merits.

It might be a different matter if Defendants had stood on their Rule 16 motion and asked Judge Cox to convert her ruling to a dismissal with prejudice and then appealed that judgment to this Court. The Rule 16 motion was a collateral issue properly before

the Bankruptcy Court post-trial, and appealable in its own right. But that is not what happened, and instead Defendants instituted a motion for sanctions post-appeal. *Overnite* does not allow that, and because it is a jurisdictional issue, the bankruptcy was without power to entertain the motion.

## IV.   CONCLUSION

For the reasons stated herein, the Court finds that the Bankruptcy Court was without jurisdiction to entertain the Rule 9011 Motion for Sanctions. The Rule 9011 Order for Sanctions is vacated.

**IT IS SO ORDERED.**

 

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 9/5/2012